

NUMBER 13-07-733-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JUAN ANTONIO HERNANDEZ,**                         **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                 **Appellee.**

**On appeal from the 197th District Court of Cameron County, Texas.**

# O P I N I O N

**Before Chief Justice Valdez and Justices Yañez and Benavides
Opinion by Justice Yañez**

Appellant, Juan Antonio Hernandez, was indicted for the offense of robbery,[1] with an enhancement for a prior felony conviction.[2]  After a bench trial, Hernandez was found guilty and sentenced to twenty-four years' imprisonment.  In three issues, Hernandez

---

[1] TEX. PENAL CODE ANN. § 29.02(a)(1) (Vernon 2003).

[2] *Id*. § 12.42(b) (Vernon 2003).

asserts that (1) he did not intelligently waive his right to a jury trial; (2) his conviction is based on insufficient evidence; and (3) the trial court erred in refusing to consider the full range of punishment available when determining his sentence. We affirm in part and reverse in part.

## I. Legal Sufficiency

We begin by addressing Hernandez's second issue on appeal because it affords him the greatest relief if sustained.[3] In his second issue, Hernandez claims that the evidence is insufficient to support his conviction. Hernandez does not state whether he is raising a legal or factual sufficiency challenge, or both. He sets out no standards of review. The State contends that we should find this issue waived for inadequate briefing.[4] We decline to waive the issue, and shall address it as a legal sufficiency challenge because, at the conclusion of Hernandez's argument, he states that affording him relief on this issue would prohibit the State for retrying him for robbery.[5] If it was Hernandez's intent to raise a factual sufficiency challenge, that challenge is waived.[6]

### 1. Applicable Law

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a

---

[3] *See* TEX. R. APP. P. 43.3.

[4] *See id.* 38.1(e).

[5] The State would only be barred from retrying Hernandez if this Court reversed on legal sufficiency grounds.

[6] *See* TEX. R. APP. P. 38.1(e).

reasonable doubt.[7]  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[8]  The trier of fact is the sole judge of the weight and credibility of the evidence.[9]  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.[10]  We must resolve any inconsistencies in the evidence in favor of the finding of guilt.[11]

To prove that Hernandez was guilty of robbery, the State had to prove that Hernandez, "in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property," either: "intentionally, knowingly, or recklessly cause[d] bodily injury to another," or (2) "intentionally or knowingly threaten[ed] or place[ed] another in fear of imminent bodily injury or death."[12]  The penal code defines theft as unlawfully appropriating property with intent to deprive the owner of the property.[13]  Bodily injury is "physical pain, illness, or any impairment of physical condition."[14]  This definition

---

[7] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hampton v. State*, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

[8] *Jackson*, 443 U.S. at 319.

[9] *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).

[10] *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

[11] *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

[12] TEX PENAL CODE ANN. § 29.02(a).

[13] *Id*. § 31.03 (Vernon 2003).

[14] *Id*. § 1.07(a)(8) (Vernon 2003).

is broadly construed to include "even relatively minor physical contacts so long as they constitute more than mere offensive touching."[15] In the case of robbery, the bodily injury element is satisfied when "violence is clearly perpetrated against another for the purpose of . . . preventing or overcoming resistance to theft."[16]

## 2. Discussion

Hernandez's brief only asserts that there is legally insufficient evidence that Hernandez "intentionally, knowingly, or recklessly cause[d] bodily injury to another."[17] This assertion, however, is refuted by the testimony of Juan Jose Moron, who, as loss prevention officer at J.C. Penney, intercepted Hernandez as he walked out of J.C. Penny with unpaid merchandise. Moron testified that he and Hernandez got "into a scuffle," during which time Hernandez "was pushing and tr[ying] to get away." As a result of the pushing, Moron suffered injuries to his nose, shoulder, right wrist, and left hand. Based on Moron's testimony, we find there is legally sufficient evidence that Hernandez intentionally, knowingly, or recklessly caused bodily injury to Moron. Accordingly, we overrule Hernandez's second issue.

## II. Waiver of Jury Trial

Article 1.13(a) of the code of criminal procedure provides, in relevant part, that the defendant "shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the

---

[15] *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).

[16] *Id.* at 787 (internal quotations omitted).

[17] TEX. PENAL CODE ANN. § 29.02(a)(1).

4

State."[18]  Hernandez's open court waiver occurred in the following manner:

> THE COURT:        You can have a jury trial or a bench trial.  Which one do
>                   you want?
>
> [HERNANDEZ]:      What is a bench trial?
>
> THE COURT:        The judge makes the decision.
>
> [HERNANDEZ]:      You can make the decision for me, ma'am.
>
> MS. CHURCH:       All right.  Then we will do a bench trial.[19]

Hernandez thus waived his right to a jury trial in open court by electing to communicate any waiver through his counsel, Ms. Church.  The record further reveals that Hernandez made his waiver in a writing, which stated:

> COMES NOW <u>Juan Antonio Hernandez</u>, the Defendant in the above entitled and numbered cause, a felony less than capital, in person and in writing in open Court, and with the consent and approval of the Court and with the written and signed consent and approval of the attorney representing the State, and prior to the entering of a plea herein, waives the right of a trial by jury, *both* as to the issue of guilt or innocence *and as to the punishment therefor*, should be convicted.[20]

Hernandez argues, however, that "the record does not show that the Court explained the dangers of proceeding with a bench trial, nor the fact that the Court would determine punishment.  Instead, the Court informed [him] that he could not elect to have a jury determine punishment because he had previously been convicted a [sic] felony."[21]  Hernandez does not specify what "dangers" the trial court should have discussed with him.

---

[18] TEX. CODE CRIM. PROC. ANN. art. 1.13 (Vernon 2005).

[19] Ms. Church was Hernandez's defense counsel.

[20] Emphasis added.

[21] Hernandez's Brief at 8.

And though the record does not reflect that the trial court told Hernandez that it would be determining punishment, Hernandez's written waiver indicates his awareness of this matter.

As for the trial court informing Hernandez "that he could not elect to have a jury determine punishment," this did not occur. Hernandez directs us to the following pretrial discussion between the State, the trial court, and his counsel, Ms. Church:

| | |
|---|---|
| MS. CHURCH: | Your Honor, I do have an election of punishment that I think is in the file, but I'm not sure, so I will hand this to the court. |
| [THE STATE]: | Your Honor, just for the record, that motion does say election for punishment by a jury and application for probation. As the court is aware, he has a prior conviction and with a prior conviction he is not eligible for probation. |
| MS. CHURCH: | That's why there is no affidavit attached. |
| THE COURT: | Okay. Since he's not eligible, he doesn't get to make that choice. |
| MS. CHURCH: | No. |

We disagree with Hernandez's contention that the trial court's reference to him not getting "to make that choice" represented the court instructing him that he could not elect to have the jury determine punishment. It is clear to this Court that the trial court was referring to Hernandez's inability to bring the issue of probation before a jury. Accordingly, with the record showing that the requirements of article 1.13 were satisfied, and without any legitimate basis for questioning whether the waiver was voluntary and intelligent, we overrule Hernandez's first issue on appeal.

### III. Failure to Consider Full Range of Punishment

6

In his third issue, Hernandez argues that the trial court "denied him due process" by failing to consider the full range of available punishment when determining his sentence.[22] According to Hernandez, the trial court failed to consider the full range of punishment because the trial court had a policy of sentencing repeat offenders to double the time he or she had previously been sentenced. Hernandez thus contends that the trial court sentenced him to twenty-four years' imprisonment because he had previously been sentenced to twelve years' imprisonment for a different offense.

## 1. The Trial Record

At a pretrial hearing held on September 11, 2007, Hernandez's counsel had the following exchange with the trial court:

MS. CHURCH: And Your Honor, is it—I have tried to explain to my client that it's the standard operating procedure in this Court that if a person has gotten like twelve years in prison before—

THE COURT: I double it.

MS. CHURCH: You double it.

THE COURT: Whatever the highest one you have, I double. Okay?

MS. CHURCH: Thank you, Your Honor.

THE COURT: Yes, thank you. You're welcome. Ask the other prisoners in jail, they will tell you. Anything else?

MS. CHURCH: That's all we have, Judge.

At another pretrial hearing held on November 5, 2007, Ms. Church again discussed with the trial court her attempts to explain to Hernandez the court's policy of doubling

_____

[22] Hernandez's Brief at 34.

punishment. The trial court made no attempt to disavow Ms. Church's statements.

The trial court found Hernandez guilty on November 15, 2007. The trial court asked Hernandez if he had previously been sentenced to twelve years' imprisonment, and he answered in the affirmative. The State and Ms. Church then expressed their opinions as to what punishment should be assessed against Hernandez; their remarks encompassed all the argumentation put forth on the issue of punishment:

[THE STATE]: Your Honor, may the record also reflect that the defendant has been charged in an indictment for robbery, and we used that prior conviction in that prior trip for twelve years as an enhancement count, Your Honor. So it changes the range of punishment from a second degree robbery to a first degree robbery, punishable by five to ninety-nine years, Your Honor.

Your Honor, *the defendant has been to the penitentiary before for twelve years. If you double that, that's twenty-four years*, Your Honor.

He also has picked up another felony conviction for robbery in the past, Your Honor, was placed on probation. But that also was a felony conviction. We would ask that you extend and add six more years to his punishment, and punish the defendant for no less than thirty years for robbery enhanced.

MS. CHURCH: Your Honor, I think for this—a theft of $166 and a scuffle with a hurt nose is—thirty years is a bit outrageous for that. One of our problems with this case was his priors, *and the rule of this Court, and I am going to ask that you consider the twelve years again*, because he does have—he does have some problems. . . .

. . . .

THE COURT: I will give him twenty-four years TDC.[23]

---

[23] Emphasis added.

**2. The Trial Court Failed to Consider Full Range of Punishment**

The court of criminal appeals has held that "a trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process."[24] "Due process requires a neutral and detached hearing body or officer. The Texas Constitution requires no less. Nonetheless, in the absence of a clear showing to the contrary, we will presume the trial judge was a neutral and detached officer."[25]

The presumption that the trial judge was a neutral and detached officer has been overcome in this case. Prior to trial, the trial court explicitly informed Hernandez of its intent to assess punishment by doubling his highest, previously imposed sentence, stating: "Whatever the highest one *you* have, I double. Okay?"[26] The trial court made it clear to Hernandez that it would be following its tradition of doubling a defendant's previous sentence, by directing him to "[a]sk the other prisoners in jail, they will tell you." The trial court's adherence to its sentencing policy was clear to the prosecutor and Hernandez's counsel—both of them discussed the trial court's policy in the course of debating punishment. Lastly, the trial court's imposition of a twenty-four year sentence conforms with its stated policy of doubling a defendant's highest, previously imposed sentence, which for Hernandez was twelve years. Based on these facts, it is clear that the trial court arrived at Hernandez's punishment by relying on an arbitrary mathematical formula, rather than a careful and fair consideration of the evidence relevant to punishment. This being the case, the trial court's conduct is not in accordance with the due course of the law

---

[24] *Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005).

[25] *Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.–Corpus Christi, pet. dism'd) (citation omitted).

[26] Emphasis added.

because (1) it effectively excludes evidence relevant to punishment; (2) it precludes the court from considering the full range of punishment prescribed by law; and (3) it deprives the defendant of a fair and impartial tribunal at the punishment phase.[27]

### 3. Is the Trial Court's Error Waived?

The rights of an accused are separated into three categories with regard to waiver of those rights: (1) absolute requirements and prohibitions which cannot be waived; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request.[28] "Rights which are waivable only, as well as absolute systemic requirements and prohibitions, cannot be made subject to rules of procedural default because, by definition, they are not forfeitable."[29] Accordingly, if we are to find, as the State suggests we should, that Hernandez waived the trial court's error by failing to object to his punishment at trial, we must first find that Hernandez is complaining of a right that falls into the third category articulated in *Marin* (i.e., that it is a right which is to be implemented upon request).

In *Blue v. State*, the court of criminal appeals reversed a conviction based on comments made by the trial court during voir dire even though Blue failed to object at trial.[30] Specifically, the court was apologizing to a group of prospective jurors for their long wait and stated, among other things, the following:

---

[27] *See Fielding v. State*, 719 S.W.2d 361, 368 (Tex. App.–Dallas 1986, pet. ref'd) (Guittard, C.J., dissenting).

[28] *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).

[29] *Id.*

[30] *Blue v. State*, 41 S.W.3d 129, 129-30 (Tex. Crim. App. 2000) (plurality op.).

[This case] . . . is a situation where the attorney has been speaking to his client about what does he want to do. And when you are on the button like these cases, it's a question. Frankly, an offer has been made by the State or do I go to trial. And he has been back and forth so I finally told him I had enough of that, we are going to trial. You have been sitting out here and this is holding up my docket and I can't get anything done until we know if we are going to trial or not.

Frankly, obviously, I prefer the defendant to plead because it gives us more time to get things done and I'm sure not going to come out here and sit. Sorry, the case went away and we were all trying to work toward that and save you time and cost of time, which you have been sitting here and I apologize about that.[31]

A majority of the court concluded that the trial court's comments constituted reversible error despite Blue's failure to object at trial, although the judges did not agree as to the reason why.

Four of the court's judges concluded that the trial court's statements tainted Blue's presumption of innocence and thus constituted fundamental error that required no objection.[32] Judge Keasler wrote a concurring opinion in which he agreed that Blue did not waive his complaint; he reasoned, however, that these statements showed partiality and thus violated Blue's absolute right to an impartial judge, stating:

Regardless of whether a violation of the presumption of innocence is a violation of an absolute right, it is clear to me that the violation of the right to an impartial judge is an absolute right. The judge's comments in this case violated that right.

. . . .

. . . The trial judge went so far as to say that he would prefer that the defendant plead. Why else would a judge want a defendant to plead unless he had pre-judged the defendant's guilt? While we rarely see such

---

[31] *Id.* at 130.

[32] *Id.* at 132.

statements as these, there will be a few cases where the judge's statements when viewed objectively are so egregious as to render him biased. This is one of those cases.

No matter what the evidence was against him, Blue had a right to an impartial judge. The right to an impartial judge is so sacred that the United States Supreme Court has declared a violation of this right to be "structural" error. The presence of a biased judge on the bench is a structural defect in the trial mechanism. Although, as the dissent points out, there are some "structural" errors that can be forfeited, I do not think that the right to an impartial judge should be a right that the defendant can forfeit. This right should be included in the very select class of absolute rights.

Furthermore, I believe that our prior cases holding an objection is required to preserve error are distinguishable from this case because the trial judge's comments were "so egregious" as to deem him biased, and because the right violated—the right to an impartial judge—is one of the absolute rights that do not require an objection under *Marin*. This case is highly unique and litigants should not view this holding as an invitation to appeal without making proper, timely objections.[33]

Partly relying on Judge Keasler's concurrence in *Blue*, five courts of appeals have determined that the right to an impartial judge is an absolute requirement.[34] One of these courts, the First Court of Appeals, has observed that the right to an impartial judge articulated in Judge Keasler's concurrence should encompass a criminal appellant's complaint that a trial court refused to consider the full range of punishment.[35]

---

[33] *Id.* at 138-39 (Keasler, J., concurring) (citations and footnotes omitted).

[34] *See Abdygapparova v. State*, 243 S.W.3d 191, 209-10 (Tex. App.–San Antonio 2007, pet. ref'd); *Gentry v. State*, No. 06-05-00237-CR, 2006 Tex. App. LEXIS 2923, at *5 (Tex. App.–Texarkana Apr. 12, 2006, no pet.) (mem. op., not designated for publication); *Rodriguez v. State*, No. 08-03-00497-CR, 2005 Tex. App. LEXIS 7746, at *11-12 (Tex. App.–El Paso Sept. 22, 2005, no pet.) (not designated for publication); *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd); *Brooks v. State*, No. 12-00-00118-CR, 2002 Tex. App. LEXIS 2160, at *16-18 (Tex. App.–Tyler Mar. 20, 2002, no pet.) (not designated for publication).

[35] *See Jaenicke*, 109 S.W.3d at 796; *but see Brumit v. State*, No. 07-03-0462-CR, 2004 Tex. App. LEXIS 10893, at *4-6 (Tex. App.–Amarillo Dec. 2, 2004) (finding that appellant's failure to object at trial waived his right to complain about trial court's refusal to consider the full range of punishment, despite appellant's contention that the trial court's refusal constituted fundamental error), *aff'd on other grounds*, 206 S.W.3d 639 (Tex. Crim. App. 2006).

12

We find that a defendant has an absolute right to an impartial judge not only when guilt and innocence are at issue, but also when punishment is at issue. Guided by Judge Keasler's concurrence in *Blue* and the First Court of Appeals' reasoning in *Jaenicke*, we further find that a defendant may complain for the first time on appeal about a trial court's refusal (i.e., lack of impartiality) to consider the full range of punishment—so long as the trial judge's conduct is so egregious as to deem the judge biased on the matter of punishment.[36] In the instant case, the trial judge's bias and partiality stemmed from her strict adherence to an ill-conceived mathematical formula that was meant to formulate a punishment that satisfied the interests of justice. No mathematical formula, however, can ever intelligently satisfy those interests. Moreover, the trial judge's comments were so egregious that they clearly evidenced the judge's bias on punishment. As previously stated, the judge told Hernandez, "Whatever the highest one [previous sentence] you have, I double. Okay?" The judge did not state that she "might," "may," or "would probably" assess Hernandez's punishment by doubling his highest previous sentence; rather, the judge made her intended plan for assessing punishment unequivocal. Accordingly, we reject the State's contention that Hernandez waived his complained-of error, and sustain Hernandez's third issue on appeal.

## IV. Conclusion

The judgment of conviction for robbery is affirmed, but the judgment is reversed and the cause is remanded for a new trial as to punishment.[37] Consistent with this opinion, the

---

[36] *See Blue*, 41 S.W.3d at 139 (Keasler, J., concurring).

[37] *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon 2006).

13

trial court should reassess an appropriate sentence within the entire punishment range.

_____
LINDA REYNA YAÑEZ,
Justice

Publish. TEX. R. APP. P. 47.2(b).

Opinion delivered and filed this
the 28th day of August, 2008.