# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00740-CR
NO. 03-10–00751-CR
NO. 03-10-00752-CR

**Eric Jaron Gilmore, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NOS. 66709, 66708 & 65902, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In cause number 65902, appellant Eric Jaron Gilmore was placed on deferred adjudication community supervision after he pleaded guilty to credit card abuse. *See* Tex. Penal Code Ann. § 32.31 (West 2011). Appellant was subsequently adjudged guilty and sentenced to two years in state jail after he pleaded true to alleged violations of the conditions of his supervision. At the same proceeding, appellant pleaded guilty to burglary of a habitation in cause numbers 66708 and 66709. *See id*. § 30.02. He was adjudged guilty and sentenced to eighteen years' imprisonment in each cause. Appellant contends that the eighteen-year prison terms are excessive. He also contends that the evidence does not support the court's order that he pay his appointed attorney's fees.

Appellant contends, relative to the two burglary convictions, that the eighteen-year sentences were not necessary to prevent a likely recurrence of his criminal behavior and do not meet the objective of rehabilitation. *See* Tex. Penal Code Ann. § 1.02(1)(B), (C) (West 2003). To preserve alleged error related to excessive punishment, a defendant must have made a timely request, objection, or motion in the trial court. Tex. R. App. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). Appellant did not object to the sentences at the time they were pronounced, and he did not file a motion for new trial raising this issue.

Appellant contends that the error is fundamental and that no objection below was required, citing *Hernandez v. State*, 268 S.W.3d 176 (Tex. App.—Corpus Christi 2008, no pet.), and *Jaenicke v. State*, 109 S.W.3d 793 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Those opinions, however, addressed allegations of bias against the trial court that manifested itself at sentencing. *See Hernandez*, 268 S.W.3d at 184; *Jaenicke*, 109 S.W.3d at 795-96. Appellant does not contend that the trial court was biased against him.

No abuse of discretion is shown in any event. Appellant pleaded guilty to two habitation burglaries, first degree felonies punishable by imprisonment for five to ninety-nine years or life. The record reflects that he committed the first burglary less than one week after he was placed on community supervision in the credit card abuse case. Although appellant does not appear to have an extensive criminal history, it was well within the trial court's discretion to conclude that concurrent eighteen-year prison terms for burglary of a habitation best served the interest of appellant's rehabilitation. Issue two is overruled.

Appellant contends in all three appeals that the evidence does not support the order to pay his appointed attorney's fees. A trial court's authority to order a defendant to repay the cost of court-appointed counsel is expressly conditioned on the court determining that the defendant has the financial resources and ability to pay. Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). The defendant's financial resources and ability to pay are explicit critical elements under article 26.05(g) that must be supported by record evidence. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). No trial objection is required to preserve the sufficiency of the evidence for appellate review. *Id*. When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *Id*. at 557.

The judgments in cause numbers 65902 and 66708 order appellant to pay $300 and $440 in attorney's fees, respectively. The State concedes that there is nothing in the record to indicate that the trial court, either before or after ordering appellant to pay the costs of his appointed counsel, determined that appellant was no longer indigent and had the ability to pay. Accordingly, the orders will be deleted from the judgments. The judgment in number 66709 does not order the payment of attorney's fees and, therefore, no error is presented in that cause.

The judgment of conviction in number 66709, our cause number 03-10-00740-CR, is affirmed. The judgment of conviction in number 66708, our cause number 03-10-00751-CR, is modified to delete the notation "$440.00 Attorney Fees" under the heading "Court Costs"; as modified, the judgment is affirmed. The judgment of conviction in number 65902, our cause number 03-10-00752-CR, is modified to delete the notation "$300.00 Attorney Fees" under the heading "Court Costs"; as modified, the judgment is affirmed.

3

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

03-10-00740-CR       Affirmed

03-10-00751-CR       Modified and, as Modified, Affirmed

03-10-00752-CR       Modified and, as Modified, Affirmed

Filed:   August 16, 2011

Do Not Publish