

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-11-00468-CR

_____

MICHAEL ANTHONY GRADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Oldham County, Texas
Trial Court No. OCR-00J-034; Honorable Roland Saul, Presiding

June 28, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On September 10, 2002, following a plea of guilty, Appellant, Michael Anthony Grado, was convicted of possession of amphetamine in an amount by aggregate weight, including adulterants and dilutants, of 400 grams or more.[1]  Punishment was assessed at ten years confinement, suspended in favor of ten years community

_____

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.116(a) & (e) (WEST 2010).

supervision, and a fine of $10,000. On March 30, 2011, the State filed a motion to revoke Appellant's community supervision alleging he had violated numerous conditions thereof. On November 3, 2011, at a hearing on the State's amended motion, Appellant entered a plea of true to all allegations and evidence was presented. At the conclusion of the hearing, the trial court revoked Appellant's community supervision and imposed the original sentence of imprisonment for a term of ten years and a fine of $10,000. This appeal followed. We modify and affirm in part and reverse and remand for a new punishment hearing.

## ISSUES PRESENTED

By his first issue, Appellant questions whether the trial court arbitrarily refused to consider the correct range of punishment when the prosecutor left the incorrect impression, concurred in by defense counsel and approved by the trial court, that ten years confinement was the only punishment option available. By his second issue, Appellant asserts he was constructively denied the assistance of counsel during sentencing when his counsel concurred with the State's incorrect advice to the trial court on the sentencing range, precluding any possibility that counsel could submit the State's request for the maximum sentence to any "meaningful adversarial testing."

The State concedes that error was committed when the State represented, and the trial court agreed, that the minimum punishment upon revocation was ten years confinement instead of five years. However, the State argues that Appellant failed to preserve the error for review by failing to object. The State also concedes that trial counsel's performance was deficient but argues that Appellant has not established that

2

the outcome of the proceeding would have been different. In the event this Court finds Appellant's counsel's performance to be ineffective, the State prays that this appeal be abated to allow the trial court to determine what effect counsel's error had on the outcome of the proceeding.

By reply brief, Appellant clarifies that his second issue is not one of ineffective assistance of counsel requiring a showing of deficient performance and a reasonable probability of a different outcome. Rather, he maintains the claim is one of *constructive denial* of counsel for which prejudice is presumed. (Emphasis in Appellant's brief). Our disposition of Appellant's first issue allows us to pretermit consideration of his second issue. TEX. R. APP. P. 47.1.

## BACKGROUND

In 2000, Appellant was indicted for possession of more than 400 grams of amphetamine, an offense defined by section 481.116(a) of the Texas Health & Safety Code Annotated (WEST 2010). Pursuant to a plea bargain, on September 10, 2002, Appellant was convicted of the offense charged and sentence was imposed at ten years confinement, suspended in favor of ten years community supervision, and a fine of $10,000. The judgment entered erroneously reflects, however, that Appellant was convicted of "[p]ossession of Controlled Substance, Amphetamine – 400 grams or more in violation of Section 481.115 of the Texas Health & Safety Code." Section 481.115(a) defines the offense of possession of a Penalty Group 1 controlled substance. Amphetamine is a Penalty Group 2 controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.103(a)(3).

3

Effective September 1, 1994, possession of 400 grams or more by aggregate weight of a Penalty Group 2 controlled substance was punishable by imprisonment for life or for a term of not more than 99 years or less than five years, and a fine not to exceed $50,000.[2]  Accordingly, at all times relevant to this proceeding, Appellant was subject to a minimum sentence of five years.

According to the record, Appellant's community supervision was monitored in El Paso, Texas.  An Oldham County community supervision officer testified that Appellant had paid all but approximately $900 of his $10,000 fine, court costs and restitution and that he had successfully remained on community supervision for approximately eight and one-half years before the State moved to revoke his community supervision.

At the hearing on the State's amended motion to revoke, after Appellant entered pleas of true to the allegations in the amended motion and was admonished by the trial court, the following colloquy occurred:

> [State]: Your Honor, before I present any evidence, I'd just like to remind the Court, and you're probably aware of this already, but I just discovered it this morning.  *I think the minimum punishment in this case is ten years*, because it's over 400 grams.  So I think the Court's options here are to either leave [Appellant] on probation, or if you choose to revoke him, *the ten years is the minimum*.
>
> And I made a mistake about that earlier in my offer to [defense counsel], and I realized this morning my mistake, and so I wanted to bring that to the Court's attention.

---

[2]Prior to September 1, 1994, possession of 400 grams or more by aggregate weight of a Penalty Group 2 controlled substance was punishable by imprisonment for life or for a term of not more than 99 years or less than ten years, and a fine not to exceed $100,000.  Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 TEX. GEN. LAWS 2230, 2930.  The minimum period of incarceration was reduced from ten years to five years and the maximum fine was reduced from $100,000 to $50,000 by the Legislative Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 2.02, 1993 TEX. GEN. LAWS 3586, 3707.

[Defense counsel]: Your Honor, addressing that issue, *that is correct*. I have had an opportunity to explain that to my client and, in fact, to his family, as well. And with that understanding, we are still proceeding with – with the understanding that is the case.

The Court: All right.

[State]: Your Honor --

The Court: This was called a first degree felony, but it's one of those that's -- the punishment range is up a little above. Do you understand that, Mr. Grado? *The minimum here, punishment, is ten years.* Do you understand that?

[Appellant]: The minimum?

The Court: Yes. And that would also be the maximum that you could get. I could give you -- you know, what could happen here is, I can either revoke your probation or leave you on probation. If I revoke your probation, it's -- *the minimum is ten*, or the maximum -- and the maximum is ten, *so it's a ten-year sentence*. Do you understand that?

(Emphasis added).

At the conclusion of the presentation of evidence, Appellant's trial counsel did not argue that Appellant be continued on community supervision, nor did he request that the original sentence be reduced. Counsel merely asked that the court consider the evidence presented.

## ANALYSIS

The State concedes, and we agree, that the trial court was mistaken in its belief that a ten-year sentence was the minimum punishment allowed by law. The State contends, however, that error was not properly preserved. As applied to the unique circumstances of this case, we disagree.

5

Article 42.12, section 23(a) of the Texas Code of Criminal Procedure provides in part that upon revocation, the judge may "reduce the term of confinement originally assessed to any term of confinement not less than the minimum prescribed for the offense of which the defendant was convicted." Therefore, even assuming the judge had rejected the idea of continuing Appellant on community supervision, under the facts of this case he could have reduced the term of confinement to a term of less than ten years. Under the appropriate facts, such a reduction in sentence could have been reasonable in light of Appellant's completion of 85% of the probation period and payment of more than 90% of the fine and court costs. Having erroneously excluded the possibility of even considering the reduction of Appellant's sentence pursuant to article 42.12, section 23(a), the trial court erred in failing to consider the full range of punishment.

The State suggests we should determine that this error was not preserved because Appellant's counsel did not object to the prosecutor's erroneous statement of the law, nor did he correct the trial judge's express adoption of that error. *See* TEX. R. APP. P. 33.1. Appellant, relying on holdings from the United States Supreme Court, the Texas Court of Criminal Appeals and other intermediate appellate courts, argues that the trial judge's erroneous, albeit inadvertent, refusal to consider the full range of punishment is fundamental error, immune from waiver by the mere failure to object.

The Texas Court of Criminal Appeals has held that "[s]ome rights are widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system." *Marin v. State*, 851 S.W.2d 275, 278-79 (Tex.Crim.App. 1993). In *Marin,* the Texas Court of Criminal Appeals recognized that

6

within our system of jurisprudence there are at least three distinct categories: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. *See Gutierrez v. State*, 380 S.W.3d 167, 172, fn.14 (Tex. Crim. App. 2012) (citing *Marin*, 851 S.W.2d at 279). In this context, the important thing to remember is that procedural waiver only applies to the last category. *Id.* Non-waivable rights are characterized by the principle that they are not extinguished by inaction alone, but must be expressly waived if a defendant wants to relinquish one or more of them. *Marin*, 851 S.W.2d at 279. The rights to the assistance of counsel and to a jury trial are of this kind. TEX. CODE CRIM. PROC. ANN. arts. 1.051(f),(g),(h), 1.13 (WEST SUPP. 2012). Furthermore, the Texas Court of Criminal Appeals has interpreted prior case law as providing that "a defendant has an absolute and nonwaivable right to be sentenced within the proper range of punishment established by the Legislature." *Gutierrez*, 380 S.W.3d at 175 (citing *Speth v. State*, 6 S.W.3d 530, 532-33 & n.5 (Tex. Crim. App. 1999)).

In this case, the record before us shows that the judge, prosecutor and defense attorney proceeded under the wrong statute and considered the wrong range of punishment. The trial court committed an error of law in assessing punishment under section 481.115 of the Texas Health and Safety Code instead of section 481.116. Additionally, the error was compounded when a sentence of ten years was considered to be a foregone conclusion should the judge decide to revoke Appellant's community supervision. Appellant was reasonably relying on legally trained professionals, including the trial court and his own counsel, to either understand the offense and the

7

full range of punishment or bring any misunderstanding to the trial court's attention. While it is unclear from the record whether counsel and the trial court were mistaken as to the appropriate penalty group, or the applicable range of punishment, or both, what is clear is that the trial court did not consider the proper range of punishment established by the Legislature. Appellant equates this failure to apply the correct law and consider the appropriate range of punishment as being tantamount to the denial of a fundamental right. In that regard, we find that a defendant has an absolute right to be sentenced under the correct statute and based upon a correct understanding of the applicable range of punishment and may complain for the first time on appeal about a trial court's refusal to consider that range of punishment where that conduct is so egregious as to constitute bias on the matter of punishment. *See Dumesnil v. State*, No. 14-00-01358-CR, 2002 Tex. App. LEXIS 344, at *19-20 (Tex.App.—Houston [14th Dist.] Jan. 17, 2002, no pet.) (holding that a defendant is entitled to be punished upon a correct statement of the law). *See also Hernandez v. State*, 268 S.W.3d 176, 184 (Tex.App.—Corpus Christi 2008, no pet.) (finding that a defendant may complain for the first time on appeal about a trial judge's refusal to consider the full range of punishment).

As such, the misunderstanding in this case concerning the full range of punishment deprived Appellant of a fair and impartial proceeding, thereby affecting his substantial rights. Consequently, under the unique circumstances of this case, we hold that the right to be sentenced under the correct statute by a sentencing authority who has meaningfully considered the appropriate range of punishment falls in that category of rights which must be implemented by the system unless expressly waived and that error in this category does not require an objection to be preserved for appellate review.

Having found the error complained of can be raised for the first time on appeal, we are still required to conduct a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. That is, we must disregard the error if it did not affect Appellant's substantial rights. TEX. R. APP. P. 44.2(b). Reversal is required for non-constitutional error if we have grave doubt that the result of the proceeding was free from the substantial effect of the error. *Burnett v. State,* 88 S.W.3d 633, 637 (Tex.Crim.App. 2002). That is, "if the reviewing court has a 'grave doubt' that the result was free from substantial influence of the error, then it must treat the error as if it did." *Id.* Accordingly, in a case of grave doubt as to harmlessness, reversible harm must be assumed. *Id.* at 637-38 (citing *O'Neal v. McAninch*, 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995)).

Given the evidence of Appellant's substantial compliance with the terms and conditions of community supervision for eight and one-half years and his payment of a vast majority of the fine imposed, and considering the likelihood that the trial court misconstrued the applicable penalty group for the controlled substance in question and the appropriate range of punishment, we cannot say that the trial court would not have assessed a lesser sentence had the full range of punishment been properly understood and considered. Having grave doubts the punishment assessed was free from the substantial influence of the error in this case, we find the error to be reversible as to punishment only.

Issue one is sustained. Our disposition of issue one pretermits consideration of Appellant's second issue as presented in his original and reply briefs. TEX. R. APP. P. 47.1.

## REFORMATION OF JUDGMENT

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Ashberry v. State*, 813 S.W.2d 526, 529 (Tex.App.--Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30.

The parties agree and the record demonstrates that Appellant was charged under section 481.116(e) of the Texas Health and Safety Code, not section 481.115, and that the controlled substance in question was a Penalty Group 2 substance. Because the judgment incorrectly reflects the statute and offense committed, we find the judgment should be modified to correct this error.

## CONCLUSION

Thus, we modify the trial court's judgment under "Statute for Offense" to reflect "§ 481.116(e) Health and Safety Code" in the summary portion of the judgment. We also modify the judgment under "Offense for which Defendant Convicted" to reflect "POSSESSION CONTROLLED SUBSTANCE PG 2 >400 GRAMS" in the summary portion of the judgment. As modified, that portion of the judgment pertaining to

10

Appellant's conviction is affirmed; the portion of the judgment pertaining to punishment is reversed and the cause is remanded to the trial court for a new punishment hearing.

Patrick A. Pirtle
Justice

Do not publish.