

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00472-CR

JERMAINE EUGENE WHATLEY                                  APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

### FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1359834D

----------

## MEMORANDUM OPINION ON REHEARING[1]

----------

Having considered appellant Jermaine Eugene Whatley's motion for rehearing, we deny the motion, but we withdraw our prior opinion of April 23, 2015 and substitute the following in its place.

Jermaine Eugene Whatley brings a single point on appeal challenging his fifteen-year sentence for aggravated assault with a deadly weapon. Appellant

---

[1]See Tex. R. App. P. 47.4.

pled guilty pursuant to an open plea, and the trial court sentenced him after hearing evidence from the complainant and another witness and after reviewing a presentence investigation report (PSI).

Appellant complains that the trial judge improperly based his sentence on the complainant's desire that appellant not be given community supervision. He points to part of the State's closing argument as supporting this conclusion. He also complains about the State's characterizing him as a violent criminal. Although appellant did not object at trial to any of these matters, he contends that he is not complaining about these matters but instead the trial court's act of basing its punishment on the complainant's recommendation rather than the law. Recognizing that he failed to make the trial court aware of this particular complaint as well, appellant argues that he has in essence shown that the trial court did not consider the full range of punishment and that this type of argument need not be raised in the trial court to be preserved on appeal.[2] *See Grado v. State*, 445 S.W.3d 736, 739–43 (Tex. Crim. App. 2014) (holding that the right to be sentenced after consideration of the entire applicable range of punishment is

---

[2]Appellant also contends that it is not necessary to complain about a trial judge's own action in the trial court, citing Texas Rule of Appellate Procedure 33.1(c). *See* Tex. R. App. P. 33.1(c). But this rule states that a party need not file a formal exception to a trial court ruling to preserve a complaint about that ruling, nor does the ruling need to be made in a signed, separate order for a party to be able to complain about it on appeal. *Id.* In any event, the trial court must have made a ruling for the matter to be preserved, as contemplated by rule 33.1(a)(2). Tex. R. App. P. 33.1(a)(2). Here, the trial court was not given the opportunity to make a ruling on the complaint.

a category-two *Marin* right, which must be implemented unless a defendant has affirmatively, plainly, freely, and intelligently waived it).

At the conclusion of the trial, the trial judge stated,

> After considering the evidence that's been presented to the Court both in the form of the [PSI], your plea of guilty, the Court in good conscience cannot place you on probation, not under these circumstances.
>
> And it is not [the complainant's] responsibility to sentence you; it's mine. And she has to face those children, and she faces those children with scars on her caused by you. Could have taken her life.
>
> Under the circumstances, the Court hereby sentences -- finds you guilty, receives and accepts your plea, finds you guilty, finds the deadly weapon to be true, [and] sentences you to 15 years in the Institutional Division of the Texas Department of Criminal Justice.

Considering appellant's argument only to the extent of his complaint that the trial judge did not consider the entire applicable range of punishment, we conclude and hold that he has not shown that the trial court improperly failed to do so simply because the complainant indicated during her testimony that she did not want appellant placed on community supervision and the trial court subsequently did not place appellant on community supervision. The trial judge clearly stated on the record that he was taking into account the matters described in the PSI as well as the circumstances of the offense in making his decision. Moreover, the prosecutor elicited testimony from the complainant that appellant committed this offense while on probation for committing a prior assault against the complainant, a matter which the PSI officer considered a factor against the imposition of community supervision.

3

We overrule appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 28, 2015