

# NUMBERS 13-16-00392-CR AND 13-16-00393-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

MARCUS ESEDE ALI,                                               Appellant,

v.

THE STATE OF TEXAS,                                             Appellee.

---

### On appeal from the County Court at Law No. 4
### of Travis County, Texas.

---

# MEMORANDUM OPINION
### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides

Appellant Marcus Esede Ali challenges the sufficiency of the evidence to support his convictions for misdemeanor assault and unlawful restraint.[1] TEX. PENAL CODE ANN. §§ 20.02(a), 22.01(a)(1). We affirm.

---

[1] Ali was charged separately for each misdemeanor, but they were tried together. Judgment was issued separately for each. Both were appealed and the cases were consolidated on appeal.

## I.    BACKGROUND

During trial Megan Anderson testified that she and Ali were at his apartment in Austin, Texas, in the early morning hours of December 15, 2015.[2]  After an evening of movie watching, they began to argue about Ali's faithfulness in the relationship.  According to Anderson, during their argument, Ali stood up and raised his voice.  He sounded aggressive.  Anderson became upset, announced she was leaving, and went into the bedroom to get her belongings.  Ali followed her into the bedroom and grabbed her.  She explained that, "He put his arms around me and pushed me into a wall and held me there."  Anderson described Ali's level of force while grabbing her as a six on a scale to ten.  Anderson further testified:

> I told him to let me go and I tried to get away from him, and he grabbed my hands and came to me to restrain me.  So I struggled to get away until he put his arm against my chest and lifted me off the ground.  That whole ordeal lasted several minutes and I told him I was going to hit him if he didn't put me down because I was scared and I wanted to leave.

During the struggle, Anderson hit Ali to make him turn her loose and continued to strike him until he let her go.  Anderson grabbed her bag and as she turned around, Ali came at her "and picked me up over his shoulder and then slammed me down on to a mat that was on the floor."  She again told Ali she was leaving.  When she went into the living room to get her shoes, Ali kicked them under the sofa and began yelling at her saying that she was worthless, a whore, and "should just go kill herself."  Ali followed her out of the apartment to her car while he continued to yell at her.  He then dumped her belongings on

[2] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case was transferred to this Court from the Third Court of Appeals in Austin.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).  During the appeal, the case was remanded to the trial court to appoint new appellate counsel.

2

the hood of her car. Anderson testified that she was terrified during the altercation and very scared when she called 911 from the street outside the apartment complex.

Anderson requested an emergency protective order the night of the incident based upon her fear that Ali would "come after [her] and hurt [her] again."[3] A police officer photographed Anderson early the morning of December 15. The photographs which were admitted as exhibits at trial reflected a cut on Anderson's left middle finger that she got during the incident with Ali. Additional photographs of Anderson taken several days after December 15 showed a bruise on her right hip, a bruise on her left bicep, and a bruise on her right arm. [4] Anderson testified she received those bruises on December 15 from Ali holding her against the wall and throwing her down.

Ali testified to a version that differed in significant respects from Anderson's testimony. Like Anderson he acknowledged the two had been in a relationship for months before the December 15 incident. He testified that on previous occasions when Anderson was angry and threatened to leave, his response was usually to tell her to go. He stated, "[f]rom previous days she told me that when she's having a flair up, we call them episodes, that all she wanted from me was to tell her I loved her and to hug her and tell her everything was going to be okay." Ali explained that on December 15, 2015, he was just doing what he thought Anderson wanted him to do—hold her and tell her everything would be all right. Anderson threatened to hit him if he did not let her go. As a result, he released her but she still struck him. Photographs of Ali taken December 15 revealed abrasions to his neck

---

[3] Anderson testified that she had bruising and soft tissue injuries to her upper back from being thrown to the ground.

[4] The trial court admitted as exhibits photographs of both Anderson and Ali taken on December 15 and photographs of Anderson taken a few days later.

3

and shoulder as well as an injury to his lip. Ali denied throwing Anderson to the floor. Instead, he claimed they fell and she landed on top of him. Ali acknowledged calling Anderson names and going out to her car. He denied grabbing Anderson's arms during the incident and characterized the level of force he used to hold her as "barely any."

Ali waived his right to a jury trial and elected a bench trial. The trial judge found Ali guilty of restraining and assaulting Anderson by seizing her and holding her against the wall. *See* TEX. PENAL CODE ANN. §§ 20.02(a), 22.01(a)(1). The court sentenced Ali to thirty days on each offense to run concurrently. Ali timely appealed and the trial court certified his right to appeal.

## II. SUFFICIENCY OF THE EVIDENCE

By his sole issue, Ali challenges the sufficiency of the evidence to support assault or unlawful restraint.

### A. Standard of Review

As an initial matter, the Court is required to apply the legal sufficiency standard from *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *see also Williams v. State*, No. 03-11-00598-CR, 2013 WL 6921489 at *6 n.10 (Tex. App.—Austin Dec. 31, 2013, pet. ref'd.) (mem. op., not designated for publication). The *Brooks* court held that the *Jackson* standard "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Id.*[5] *Jackson* requires the reviewing court to "view[] the evidence in the light most

---

[5] "[Texas] no longer employ[s] distinct legal and factual sufficiency standards when reviewing the sufficiency of the evidence to sustain a criminal conviction." *See Merritt v. State*, 368 S.W.3d 516, 525 n.8 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.).

4

favorable to the prosecution," to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). When a reviewing court views the evidence in the light most favorable to the verdict, it "is required to defer to the [fact-finder]'s credibility and weight determinations because the [fact-finder] is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Brooks*, 323 S.W.3d at 899.

### B. Applicable Law and Discussion

1. Assault-Family Violence

Ali argues that the evidence to support his conviction for assault is insufficient. A person commits an assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE ANN. § 22.01(a)(1).[6] Bodily injury is defined as "physical pain, illness, or any impairment of physical condition," and is proved if the evidence shows that the victim suffered "some" pain. *See Id.* § 1.07(a)(8); *Lane v. State*, 763 S.W.2d 785, 787 (Tex. Crim. App. 1989). The definition is purposefully broad and encompasses even relatively minor physical contacts so long as they constitute more than mere offensive touching. *Lane*, 763 S.W.2d at 787; *Hernandez v. State*, 268 S.W.3d 176, 179 (Tex. App.—Corpus Christi 2008, no pet.). "Any physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012).

Anderson testified that Ali grabbed her and held her against the wall. The trial court saw photographs of bruises on Anderson's arms and a cut on her middle left finger that she testified were caused during the altercation with Ali. She further testified that she felt

---

[6] The trial court also made a finding of family violence pursuant to article 42.013 of the Texas Code of Criminal Procedure based upon the dating relationship between Anderson and Ali.

pain while Ali held her up against the wall.  Anderson's testimony provided evidence of the elements of assault.  In addition, Ali admitted that he held Anderson against the wall, although he denied grabbing her arms.

Ali argues the evidence is insufficient based on his testimony, not the view the Court is required to adopt.  The fact-finder was charged with making the credibility assessments necessary to determine Ali's guilt.  This Court may not substitute its judgment for that of the fact-finder.  *Brooks*, 323 S.W.3d at 899.  "We decline to question over 150 years of criminal and civil jurisprudence in this State and construe constitutional and statutory mandates to review 'questions of fact' to also require direct-appeal courts to sit as 'thirteenth jurors' in criminal cases." *See id.* at 911.  The evidence of assault is sufficient to meet the requirements of *Jackson*.

2.  Unlawful Restraint

Ali also challenges the sufficiency of the evidence to support his conviction for unlawful restraint, again based upon his version of events.  A person commits an unlawful restraint "if he intentionally or knowingly restrains another person."  TEX. PENAL CODE ANN. § 20.02(a).  "'Restrain' means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty . . . by confining the person.  Restraint is 'without consent' if it is accomplished by:  (A) force, intimidation, or deception . . ." *Id.* § 20.01(1)(A).  Anderson testified that she wanted to leave but Ali prevented her from doing so by grabbing her and using force to keep her against the wall for a short while.  Her testimony furnishes evidence that Ali used force to intentionally or knowingly restrain her. Ali's testimony that he held her against the wall until after she told him to let her go corroborates her testimony on the issue of restraint.  The evidence of unlawful restraint is

6

sufficient.  *See Adelman v. State*, 828 S.W.2d 418, 423 (Tex. Crim. App. 1992); *Zuniga v. State*, No. 13-12-00346-CR, 2014 WL 586004 at *5 (Tex. App.—Corpus Christi Feb. 13, 2014, pet. ref'd, not designated for publication).

We overrule Ali's sole issue.

### III.   CONCLUSION

We affirm the trial court's judgments**.**

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
28th day of June, 2018.

7