**Opinion issued October 9, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-17-00718-CR

———————————————

**TIMOTHY WAYNE SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 76916-CR**

## MEMORANDUM OPINION

A jury convicted appellant Timothy Wayne Smith, of two counts of sexual assault of a child.[1] The jury assessed appellant's punishment at thirteen years'

---

[1]    *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (a)(2)(C), (c)(1) (West Supp. 2017).

confinement for each count, and the trial court ordered the sentences to run consecutively. In his sole point of error, appellant contends that the evidence is insufficient to support his conviction because the State failed to prove beyond a reasonable doubt that he committed the charged offense. We affirm.

## Background

In 2011, when S.H. was thirteen years old, she lived with her mother in Lake Jackson, Texas. Sarah, S.H.'s older sister, and appellant, her husband, lived in Freeport. Appellant was thirty-one years old at the time.

During this time, S.H. began spending more time with her sister and appellant at their house because she could "do things with them that [she] couldn't do at [her] own house," such as "smoke cigarettes, drink, and smoke weed." S.H. testified that her conversations with appellant gradually became more personal and included appellant asking S.H. about her boyfriend and whether she was sexually active.

One day, while S.H.'s mother was at work, appellant went to S.H.'s house to install a ceiling fan. Afterwards, appellant and S.H. had sexual intercourse. S.H. never told anyone about the incident and continued to see appellant without her sister's knowledge. Although S.H.'s sister became suspicious and accused appellant of having an affair with S.H., appellant and S.H. continued their relationship over the next two years.

2

In December 2014, when S.H. was sixteen years old, she met and became friends with C.B., who was also sixteen. During this time, S.H. continued to meet and have sex with appellant, who was then thirty-four years old.

On December 20, 2014, S.H. and C.B. went to the Brazos mall together. After work, appellant picked them up from the mall, purchased alcohol, and drove them to a motel in Freeport where he rented a room. Afterwards, he took them to the beach located near the motel. After driving around on the beach and drinking, appellant, S.H., and C.B. returned to the motel where the three continued to drink the wine and beer that appellant had purchased. After S.H. and C.B. were intoxicated, appellant had sexual intercourse with them. S.H. testified that appellant touched her breasts and vagina with his hands and his penis, and that he put his penis inside of her vagina and C.B.'s vagina.

The next morning, appellant drove S.H. and C.B. home. S.H. became concerned that C.B.'s parents had learned what had happened and texted appellant who told her to lie and deny everything. An investigator later came to S.H.'s home and S.H. provided a statement in which she said that C.B. had lied about what had happened. S.H testified that she lied because she knew that if her family found out, "it would change things."

Another investigator visited S.H. several months later to obtain a sample of her DNA. S.H. began crying and provided a revised statement disclosing the full

3

extent of her relationship with appellant and stating that her initial statement was a lie and that C.B. had told the truth about the sexual encounter in Freeport.

After C.B. returned home from the Freeport motel, her mother, D.B., received a text from C.B.'s older sister. Believing that C.B. had been assaulted, D.B. confronted C.B. who became emotionally combative and refused to report the incident to the police. D.B. eventually convinced C.B. to go to a psychiatric hospital in Houston for an evaluation.[2] Shortly after she arrived at the mental health facility, C.B. was transported to Texas Children's Hospital where a sexual assault nurse examiner (SANE) conducted an examination. D.B. testified that C.B. was no longer combative and that she appeared ashamed, sad, and scared.

The SANE report, which was admitted at trial, reflects that C.B. disclosed that she, S.H., and appellant checked into a motel where all three engaged in sexual activity, specifically, a "threesome" that S.H. invited C.B. to join. C.B. reported "oral/oral, oral/genital sexual contact with [S.H.]," and "penile/vaginal sexual contact with [appellant]."

Forensic analysis of C.B.'s cellular phone admitted at trial showed that, on December 21, 2014, at 3:46 a.m., C.B. sent a text message to a third party stating that she "just had a threesome," and, at 6:50 p.m., a text message to her older sister

---

[2] D.B. testified that C.B. suffered from depression and an anxiety disorder and that, when she was fourteen or fifteen years old, C.B. was hospitalized in a psychiatric facility for cutting herself.

stating, "I went to a motel, got shit faced, had a threesome." C.B.'s sister contacted their mother and told her that C.B. had been assaulted.

At trial, C.B. testified that, on December 20, 2014, she and S.H. were at the mall when appellant picked them up to go to the beach and drink. On the way, appellant stopped by a convenience store to buy some beer and wine and drove to a motel. C.B. testified that S.H. had told her that appellant would leave them at the motel because he probably had to go to work and would pick them up in the morning and take them home. But appellant, S.H., and C.B. drove around the beach, drank, and then returned to the motel. Back at the motel, S.H. and C.B. continued to drink and became intoxicated. C.B. testified that appellant penetrated S.H.'s vagina with his penis. Appellant then touched C.B.'s breasts, stomach, and vagina with his hands, penetrated her vagina with his fingers and his penis, and placed his mouth on her vagina. Afterwards, C.B. pretended to fall asleep.

The next morning, appellant drove them back to S.H.'s house and S.H.'s mom later drove C.B. home. When she got home, C.B. texted S.H. that "[she] wasn't okay with what happened." C.B. also told her sister what happened and her sister told their parents.

C.B. testified that appellant had a tattoo of his children's footprints on his chest and a Texans tattoo on his arm or leg. Over defense counsel's objection, the trial court ordered that appellant show his tattoos to the jury during trial.

5

**Discussion**

In his sole point of error, appellant contends that the evidence is insufficient to support his conviction because the State failed to prove beyond a reasonable doubt that he sexually assaulted either C.B. or S.H.

**A. Standard of Review**

We review appellant's challenge to the sufficiency of the evidence under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979). *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). We examine all of the evidence in the light most favorable to the jury's verdict to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 318–19, 99 S. Ct. at 2788–89; *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The jury may reasonably infer facts from the evidence presented, credit the witnesses it chooses, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. *See Canfield v. State*, 429 S.W.3d 54, 65 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). An appellate court determines "whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). In viewing the record, direct and circumstantial evidence are treated equally. *Id.* at 13. An appellate

court presumes that the factfinder resolved any conflicting inferences in favor of the verdict and defers to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

## B. Applicable Law

A person commits the offense of sexual assault of a child if the person intentionally or knowingly "causes the penetration of the anus or sexual organ of a child by any means" who is under the age of seventeen. TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (c)(1) (West Supp. 2017). A person also commits sexual assault of a child if he "causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor." *Id.* § 22.011(a)(2)(C).

Here, Count 1 of the indictment alleged that appellant sexually assaulted C.B., a child younger than seventeen years of age, by intentionally or knowingly causing (1) the penetration of C.B.'s sexual organ by appellant's sexual organ; (2) the penetration of C.B.'s sexual organ by appellant's finger; and (3) C.B.'s sexual organ to contact appellant's mouth. Count II alleged that appellant sexually assaulted S.H., a child younger than seventeen years of age, by causing S.H.'s sexual organ to contact appellant's sexual organ.

A child sexual assault complainant's uncorroborated testimony, standing alone, is sufficient to support a defendant's conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2017) (stating conviction for sexual assault is supportable on uncorroborated testimony of victim if victim informed any person,

7

other than defendant, of offense within year, but requirement does not apply if at time of alleged offense victim was person seventeen years of age or younger); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) (holding victim's testimony of penetration by appellant, standing alone, was sufficient); *Jensen v. State*, 66 S.W.3d 528, 534 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (stating testimony of victim, standing alone, was sufficient). The State has no burden to produce physical or other corroborating evidence. *See Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The jury determines the credibility of the witnesses and may "believe all, some, or none of the testimony." *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

## C. Analysis

Appellant contends that the evidence is insufficient to support his conviction for sexual assault of either S.H. or C.B. because (1) S.H. is a liar; (2) S.H. initially denied that the sexual assault had occurred; (3) C.B.'s testimony lacked credibility; and (4) C.B. only learned of appellant's tattoos from Facebook.

### 1. S.H.'s credibility

At trial, S.H. testified that she initially lied when she told the first investigator that C.B. had lied about the threesome at the Freeport motel. S.H. explained that she did not want to tell the truth because she knew that if her family found out, "it would change things." After she realized the seriousness of the situation, S.H. later gave a

8

revised statement to another investigator in which she admitted that her initial statement was a lie and that C.B. had told the truth about the sexual encounter at the motel.

It is the exclusive role of the fact finder "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences [.]" *Buentello v. State*, 512 S.W.3d 508, 516 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789). We may not "re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder." *Hernandez. v. State*, 268 S.W.3d 176, 179 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999)). Even contradictory evidence in the record will not diminish the legal sufficiency of evidence that otherwise supports the jury's verdict. *Buentello*, 512 S.W.3d at 516. By returning a guilty verdict, we must infer that the jury believed S.H., and we defer to that determination. *See Laster v. State*, 275 S.W.3d 512, 525 (Tex. Crim. App. 2009).

### 2. C.B.'s credibility

Appellant also argues that the evidence is insufficient to support his conviction because C.B.'s testimony lacked credibility. In particular, appellant points to C.B.'s testimony that she did not disclose in her statement to police that

9

appellant had penetrated her vaginally or touched her vagina with his fingers or mouth, and that she told the jury more than she told the SANE.

To the extent C.B.'s testimony at trial differed from what she told police or the SANE, this conflict raised issues of credibility and questions of fact. However, the jury has the inherent power to decide who and what to believe. *See Canfield*, 429 S.W.3d at 65; *Billy v. State*, 77 S.W.3d 427, 428 (Tex. App.—Dallas 2002, pet. ref'd). Further, appellate courts give wide latitude to testimony of sexual abuse given by child complainants. *See Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.) *Gonzalez Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi 2008, no pet.). The child's description of what happened to her need not be precise, and she is not expected to express herself at the same level of sophistication as an adult. *See Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990); *see also Buentello*, 512 S.W.3d at 516 (concluding that any alleged deficiencies in child victim's testimony—such as whether child told forensic investigator during her interview about penetration or disclosed additional aspects of assault at trial that she had not previously mentioned—did not diminish legal sufficiency of her direct trial testimony on issue); *Valles v. State*, No. 05-17-00164-CR, 2018 WL 3359072, at *5 (Tex. App.—Dallas July 10, 2018, no pet.) (mem. op., not designated for publication) (finding evidence sufficient to support defendant's

10

convictions for indecency with child and aggravated sexual assault despite fact that fifteen-year old's testimony at trial differed from forensic interviewer's testimony).

### 3. Appellant's tattoos

Appellant also asserts that the evidence is insufficient to support his conviction because C.B. only learned of appellant's tattoos from Facebook. Specifically, he argues that although C.B. testified at trial that appellant had tattoos of his children's footprints and the Houston Texans logo, she admitted that her mother showed her pictures of appellant from his Facebook page after the assault. Appellant's argument is not supported by the evidence. Contrary to appellant's assertion, C.B. testified that she did not see appellant's tattoos in photos posted on his Facebook page but, rather, she and her mother only looked at his profile photo to confirm that appellant was the person who had assaulted her.

From the complainant's testimony alone, a rational fact finder could have determined beyond a reasonable doubt that appellant engaged in sexual activity with S.H. and C.B., who were younger than seventeen years of age, during which all of the specified sexual acts occurred. Viewing the evidence in the light most favorable to the verdict, the evidence is sufficient to support the jury's finding that appellant sexually assaulted S.H. and C.B., as charged in the indictment. *See Jackson*, 443 U.S. at 318–19, 99 S. Ct. at 2788–89; *Williams*, 235 S.W.3d at 750. We overrule appellant's sole point of error.

11

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).