

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00161-CR

_____

SKYE LYNN HARGETT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1726154

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Skye Lynn Hargett pled guilty, and judicially confessed, to possession of less than one gram of a controlled substance, methamphetamine,[1] and was placed on deferred adjudication community supervision for four years. Seventeen months later, the State filed its motion to proceed to adjudication of guilt and to revoke Hargett's community supervision. Hargett pled true to the violations of her community supervision conditions, and after a hearing, the trial court adjudicated her guilt, revoked her community supervision, and sentenced her to eighteen months' confinement in a state jail facility.

On appeal, Hargett complains that the trial court abused its discretion by failing to consider the full range of punishment. Because we find that the record does not support Hargett's contention that the trial court did not consider the full range of punishment, we affirm the trial court's judgment. However, because the evidence was insufficient to support the assessment of some of the court-appointed attorney fees, we modify the judgment and reduce the assessment of attorney fees to $300.00.

I.      Background

On November 21, 2017, Hargett pled guilty to possession of less than one gram of methamphetamine and was placed on deferred adjudication community supervision for four years. During the course of her community supervision, Hargett's drug tests were positive for, and Hargett admitted to the use of, methamphetamine and marihuana in November 2018 and April

---

[1]Possession of less than one gram of methamphetamine is a state jail felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

2019. In April 2019, the State filed its motion to proceed, alleging that Hargett violated her community supervision conditions by using methamphetamine and marihuana in November 2018 and April 2019; by four times failing to report in person; by failing to pay her community supervision fees for fourteen out of seventeen months; by failing to pay her assessed fine, court costs, attorney fees, and restitution for fifteen out of seventeen months;[2] and by failing to attend and successfully complete the Drug Offender Education Program.

In May 2019, Hargett spoke to her community supervision officer (CSO) by telephone and told her that she was pregnant. Her CSO told her that the motion to proceed had been filed, and Hargett ended the call. Hargett did not report in person in May or June 2019. In July 2019, Hargett again tested positive for marihuana. At the hearing, testimony also showed that Hargett had been receiving methadone treatments for an opiate addiction since September 2017, that these treatments had continued since she had been in custody, and that the state jail facility would accommodate the treatments. It also showed that the methadone treatments were necessary to maintain her pregnancy.

At the conclusion of the testimony and the parties' final arguments, the trial court took a brief recess to consider its ruling. Upon its return, the trial court noted its concern that while on community supervision, Hargett continued to use illegal substances, even after she knew she was pregnant. After it expressed its concern that it was not in Hargett's or her child's best interests to return her to community supervision, the trial court assessed Hargett eighteen months' confinement.

---

[2]Hargett testified that she had no excuse for not making the payments required by her community supervision order.

**II.    The Record Does Not Show that the Trial Court Failed to Consider the Full Range of Punishment**

In her only issue, Hargett asserts that the trial court erred by failing to consider the full range of punishment.  Hargett concedes that the trial court was within its authority to revoke her community supervision and to adjudicate her guilt.  Nevertheless, she argues that it is not apparent from the record that the trial court considered a lesser sentence.[3]

One of the requirements of due process is that a neutral and detached judicial officer consider the full range of punishment and mitigating evidence.  *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973).  "A court's arbitrary refusal to consider the entire range of punishment constitutes a denial of due process."  *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014).  However, in the absence of a clear showing of bias, or that the trial court imposed a predetermined sentence, "a trial court's actions will be presumed to have been correct."  *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

Hargett does not contend, and the record does not show, that the trial court exhibited any partiality or bias, or that it imposed a predetermined sentence.[4]  Further, it is clear from the record

---

[3]Hargett also argues that the sentence was disproportionate for a person addicted to opiates since the age of eleven.  However, she did not raise a disproportionate sentence complaint at trial, whether by timely objection or post-trial motion.  Consequently, she has forfeited this complaint.  *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

[4]The cases cited by Hargett that found the trial court refused to consider the full range of punishment are clearly distinguishable.  *See Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005) (per curiam); *Hernandez v. State*, 268 S.W.3d 176, 181–82 (Tex. App.—Corpus Christi 2008, no pet.).  In *Brown*, the record showed that the trial court had told the defendant when it placed him on deferred adjudication community supervision that he would receive a specific sentence if he violated community supervision, then imposed that sentence at the adjudication hearing.  *Brown*, 158 S.W.3d at 451–52, 456.  In *Hernandez*, the record showed that the trial court had a policy that if a defendant had been sentenced to a term of years on a prior offense, it would double the prior sentence when it sentenced him on the current offense, and that the trial court followed that policy in sentencing Hernandez.  *Hernandez*, 268

4

that the trial court considered alternative or lesser punishments. However, based on Hargett's continued use of illegal substances during her community supervision and after she knew she was pregnant, the trial court sought to fashion a sentence that both recognized the seriousness of Hargett's continued use of illegal substances and would give Hargett the best opportunity to safely bring her child to full term. Since there was no clear showing of bias or that the trial court imposed a predetermined sentence, we presume that it did not fail to consider the full range of punishment. *See Brumit*, 206 S.W.3d at 645.

Nevertheless, Hargett also argues that the trial court should not have considered the best interest of Hargett's child, but rather should have limited its consideration to what punishment was necessary to prevent likely recurrence of criminal behavior and to the recognition of differences in rehabilitative possibilities among individual offenders. *See* TEX. PENAL CODE. ANN. § 1.02(1)(C), (3) (providing that the objects of the Texas Penal Code are, inter alia, "to insure the public safety through: . . . (C) such punishment as may be necessary to prevent likely recurrence of criminal behavior; [and] (3) to prescribe penalties . . . that permit recognition of differences in rehabilitation possibilities among individual offenders"). Hargett provides no explanation as to why the trial court was not permitted to take her pregnancy into account when fashioning an appropriate punishment and cites no authority holding that the trial court was not authorized to do so. Even so, the sentence imposed by the trial court appears to be designed to both prevent the recurrence of Hargett's use of illegal substances and to advance her rehabilitation possibilities by

---

S.W.3d at 181–82. Thus, there was a clear showing in those cases that the trial court had not considered the full range of punishment and had imposed a predetermined sentence. There is no such showing in this case.

keeping her and her unborn child free of illegal substances and by giving her the opportunity to safely deliver her child free of illegal substances. Therefore, the sentence fulfilled the Penal Code objectives.

Since the record does not show that the trial court failed or refused to consider the full range of punishment, and since the sentence met the Penal Code objectives, we find the trial court did not abuse its discretion. We overrule Hargett's sole issue.

## III. The Judgment Must Be Modified

Although we have overruled Hargett's point of error, we find, sua sponte, that the trial court's judgment requires modification. We have the authority to modify the judgment to make the record speak the truth, even if a party does not raise the issue. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356; *see French*, 830 S.W.2d at 609.

In this case, the trial court assessed $800.00 for court-appointed attorney fees against Hargett in its Judgment Adjudicating Guilt. In addition, the certified bill of costs reflects a "Criminal Attorney Fee" of $800.00, and the trial court entered an "Order to Withdraw Funds" for "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $1,654.00, which included the $800.00 assessed for court-appointed attorney fees. The $800.00 assessed for court-appointed attorney fees included $300.00 for court-appointed attorney fees previously assessed by the trial

6

court in its Order of Deferred Adjudication, about which any complaint has been forfeited.[5] However, it was error to assess the additional $500.00 in court-appointed attorney fees.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only "[i]f the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services provided . . . including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Because the trial court found Hargett indigent, she was presumed to remain indigent absent proof of a material change in her circumstances. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (Supp.); *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd).

---

[5]All complaints about the imposition of court costs in an order of deferred adjudication must be asserted in a timely appeal of the deferred-adjudication order. *Perez v. State*, 424 S.W.3d 81, 86 (Tex. Crim. App. 2014). This includes complaints about the sufficiency of evidence supporting the assessment of court-appointed attorney fees. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). A defendant with knowledge of the imposition of court-appointed attorney fees in a deferred adjudication order who fails to timely appeal from the deferred adjudication order forfeits any complaint about court-appointed attorney fees assessed in the order and may not assert those complaints in an appeal from a judgment adjudicating his guilt. *Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015); *Wiley v. State*, 410 S.W.3d 313, 318, 321 (Tex. Crim. App. 2013).

The record in this case shows that Hargett's right thumb print was embossed on the signed Order of Deferred Adjudication. Also, the plea agreement signed by Hargett in conjunction with the deferred adjudication showed that payment of $300.00 in attorney fees was one of its terms. The Deferred Adjudication Community Supervision Order, also acknowledged by Hargett with her signature, provided that she would pay $300.00 in court-appointed attorney fees as a term of her community supervision. Under this record, we conclude that Hargett was aware of the requirement that she pay the court-appointed attorney fees. *See Wiley*, 410 S.W.3d at 320–21. Since she did not timely appeal the Order of Deferred Adjudication, any complaint regarding the $300.00 in court-appointed attorney fees assessed in that order has been forfeited. *See Riles*, 452 S.W.3d at 338; *Wiley*, 410 S.W.3d at 321.

Since there was no finding of the ability of Hargett to pay them, the assessment of the additional $500.00 for court-appointed attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

"Appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is non reversible error.'" *Walker*, 557 S.W.3d at 690 (quoting *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) ("comprehensively discussing appellate cases that have modified judgments")). We modify the trial court's judgment by changing the assessment for attorney fees from $800.00 to $300.00. We also modify the Order to Withdraw Funds by changing the amount for "[c]ourt costs, fees and/or fines and/or restititution" from $1,654.00 to $1,154.00. In addition, we modify the certified bill of costs by changing the amount for "Criminal Attorney Fee" from $800.00 to $300.00.[6]

## IV.    Disposition

For the reasons stated, we modify the trial court's judgment and the bill of costs by changing the assessment of attorney fees from $800.00 to $300.00, and we modify the Order to

---

[6]Court-appointed attorney fees set forth in a certified bill of costs are effective, whether or not orally pronounced and whether or not incorporated in the written judgment. *Armstrong*, 340 S.W.3d at 767.

Withdraw Funds by changing the amount of court costs, fees and/or fines from $1,654.00 to $1,154.00.  As modified, we affirm the trial court's judgment.


Ralph K. Burgess
Justice

Date Submitted:     November 15, 2019
Date Decided:       November 18, 2019

Do Not Publish